IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JIM J. REID**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:09-CV-1087-L** |
| § | |
| **MICHAEL J. ASTRUE**, § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION**, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

This is a social security case. Plaintiff Jim J. Reid ("Plaintiff" or "Reid") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied his application for disability benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for review and submission of proposed findings of fact and recommendation for disposition. On February 18, 2010, the magistrate judge filed his Findings, Conclusions, and Recommendation (the "Report"), in which he recommended that the court affirm the Commissioner. Plaintiff timely filed objections to the Report on March 4, 2010.

**I.     Factual and Procedural Background**

Plaintiff seeks judicial review of a final decision by the Commissioner denying his claim for disability benefits under Title II of the Social Security Act. On January 8, 2003, Reid filed an application for Social Security disability benefits. His claim was denied and he requested a hearing.

**Memorandum Opinion and Order- Page 1**

On April 20, 2004, the Administrate Law Judge ("ALJ") held a hearing on Reid's application, and Plaintiff personally appeared with counsel and testified. He amended his claim and alleges disability due to diabetes, residuals of a kidney transplant, coronary artery disease and status post bypass surgery, pulmonary disease, peripheral vascular disease, diabetic neuropathy, and vision problems. Vocational expert Rebecca Hayes ("Hayes") also testified. The ALJ issued an unfavorable decision on February 8, 2005. Reid filed a request for review of this decision, and the case was remanded to the ALJ by the Appeals Council to further consider the claimant's chronic obstructive pulmonary disease and its effect on his ability to perform work-related activities and to consider evidence from a medical expert to clarify the nature and severity of Reid's impairment. The ALJ held a second hearing on May 30, 2007, and Reid personally appeared with counsel and testified. At the hearing, medical expert John Craig Billinghurst, M.D. ("Dr. Billinghurst"), and vocational expert Suzanne Skinner ("Skinner") also testified.

The ALJ denied Reid's request for benefits on July 31, 2007. Plaintiff filed a request for review of this decision, and the Appeals Council denied his request on February 13, 2009. The ALJ's decision, therefore, became the final decision of the Commissioner. Plaintiff filed this action on June 10, 2009, pursuant to 42 U.S.C. § 405(g), contending that the Commissioner's determination that he was not entitled to disability benefits was not supported by substantial evidence.

**II.      Analysis**

    **A.      Legal Standard**

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993). Substantial evidence

is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)). It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1"

**Memorandum Opinion and Order- Page 3**

of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### B.     The ALJ's Decision

Pursuant to the five-step sequence required by 20 CFR § 303.1520, the ALJ found first that Reid has not engaged in substantial gainful activity since his alleged onset date, January 7, 2002. Tr. 21-22. The ALJ next concluded that Reid had several severe impairments pursuant to the second step. *Id*. at 22-27. Under the third step, the ALJ determined that Reid's impairments do not meet or equal a listed impairment in Appendix 1 of the regulations. *Id*. at 27-29. At the fourth step, whether Reid has the residual functional capacity to perform his past relevant work, the ALJ concluded that he did not. *Id*. at 31. On the final step of the sequence, whether Reid has the residual functional capacity to perform other work, the ALJ concluded that he:

> has the residual functional capacity to occasionally lift and/or carry (including upward pulling) 10 pounds; frequently lift and/or carry

>   (including upward pulling) less than 10 pounds; stand and/or walk (with normal breaks) for a total of about 2 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday and push and/or pull (including operation of hand and foot controls) consistent with his strength limitations. The claimant's ability to perform the full range of sedentary work activity, as that phrase is defined in the regulations, is reduced by inability to climb, balance, stoop, kneel, crouch and crawl on more than an occasional basis and inability to ever climb ladders, ropes or scaffolds. The claimant must also avoid overhead reaching due to his history of cervical spine problems and requires the option to change positions at 45 minute intervals. In addition, he must also avoid hazards, dangerous machinery and temperature extremes.

*Id*. at 29. The ALJ found that Reid had acquired work skills from past work that are transferable to other occupations with jobs existing in significant numbers in the national economy. *Id*. at 32. Accordingly, the ALJ concluded that Reid was not disabled. *Id*. at 33.

### C.     The Magistrate Judge's Report

Reid raised two issues in his appeal: (1) whether the ALJ erred in determining that Plaintiff could perform other work considering his age, education, previous work experience, and transferable work skills; and (2) whether the ALJ erred by failing to properly evaluate credibility. The magistrate judge rejected each of these arguments and recommends affirming the Commissioner's decision and dismissing Reid's case.

With respect to the first issue, the magistrate judge found that there was substantial evidence to support the ALJ's decision that Reid was capable of performing the jobs identified by the vocational expert. Specifically, vocational expert Skinner testified that Plaintiff could perform the five jobs, including timekeeper, classified ad clerk I and II, ad space clerk, and payroll clerk. The magistrate judge found that even if Plaintiff could only perform jobs in the printing industry, where he had previously worked, the testimony established that at least three of these jobs were within the

printing industry. With respect to the second issue, the magistrate judge found that the ALJ's credibility assessment was supported by substantial evidence.

### D.     **Plaintiff's Objection**s

Plaintiff objects only to the magistrate judge's ruling on the first issue raised in his appeal, namely, whether the ALJ erred in deciding at step five that he could perform other work that exists in significant numbers in the national economy. He contends that the ALJ failed to correctly apply a ruling relating to the transferability of skills in individuals over fifty-five years of age. He also argues that the ALJ ignored evidence from a vocational rehabilitation consultant, H. Steven Carter ("Carter"), provided after the second hearing.

The court first considers the testimony and evidence presented to the ALJ regarding whether Plaintiff could perform other work in the national economy. At the first hearing, on April 20, 2004, vocational expert Hayes testified. At the second hearing, on May 30, 2007, vocational expert Skinner and Dr. Billinghurst testified. In addition, after the second hearing, Plaintiff submitted a Report of Vocational Analysis from Carter, a certified rehabilitation counselor.

In addition to the five-step inquiry, the ALJ also needed to make certain findings regarding the transferability of his skills due to his age.[*] Pursuant to Social Security Ruling 82-41:

> To find that an individual who is age 55 or over and is limited to sedentary work exertion has skills transferable to sedentary occupations, there must be very little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry. The same is true for individuals who are age 60 and older and are limited to light work exertion. Individuals with these adverse vocational profiles cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill

---

[*]Plaintiff was born on July 14, 1943. Tr. at 1267. He was therefore fifty-nine years old at the time of his original application for disability benefits and over sixty at both hearings before the ALJ.

**Memorandum Opinion and Order- Page 6**

> similarity with their [past relevant work]. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

The court must therefore determine if the ALJ's decision is correct in light of this additional requirement.

Hayes identified three jobs for which Plaintiff's skills from his prior job could transfer: timekeeper, payroll clerk, and purchasing clerk. During this first hearing, the ALJ specifically addressed Plaintiff's age and the need to identify jobs for which his skills would transfer. Hayes qualified her testimony with the statement that with respect to these jobs and stated, "I think the adjustment to doing the work would be minimal because he really has done it before. The only thing you would say is that it would need to be in a printing environment." Tr. 1303. For an industry other than printing, Hayes testified that "there would be more than minimal adjustment." *Id*. Hayes was unable to identify how many of the identified jobs existed in the printing industry.

At the second hearing, vocational expert Skinner testified. She identified the following jobs as compatible with Plaintiff's residual functional capacity and his transferable skills: timekeeper, classified ad clerk I and II, ad space clerk, and payroll clerk. *Id*. at 1318. She testified that there would little or no vocational adjustment for Reid. *Id*.

After the second hearing, Plaintiff submitted the Carter report to the ALJ. Carter concluded that Plaintiff "is unlikely to be able to transfer skills to the jobs identified by the vocational expert without significant changes in vocational adjustment in terms of tools, work processes, work settings, and in two of the above cases industry. Moving from a print shop to a clerical position in another industry would require substantial retraining in computer applications with each specific

vocation." *Id*. at 1094. He further concluded that, in his opinion, Plaintiff "is not employable in any position without substantial retraining, or changes in orientation, work processes, procedures and orientation. . . . [Plaintiff] is not employable at this time because of the combination of medical conditions affecting him." *Id*. at 1095.

Plaintiff objects to the magistrate judge's conclusion that the ALJ correctly identified at least one job that he could perform and therefore the ALJ's decision should be affirmed. He contends that Carter's opinion is at odds with the testimony of Skinner. He also argues that the ALJ did not refer to or mention the Carter report, despite producing a certified mail return receipt demonstrating that the report was received in the ALJ's office. He also contends that the ALJ failed to add the Carter report to the record in this case.

Whether the ALJ added the report to the record is irrelevant, because it was part of the record before the Appeals Council, which held that it considered the information but did not disturb the ALJ's finding. The court agrees with the Appeals Council. It is not within this court's province in considering this appeal to reweigh the evidence before the ALJ; there was substantial evidence in the record support his conclusion. The ALJ heard from two vocational experts and one medical expert and also received the Carter report. The Carter report is at odds with the testimony of the medical expert and Skinner's testimony, though it reaches conclusions similar to vocational expert Hayes's conclusions regarding the need to identify jobs within the printing industry. Even considering the Carter report, the court finds that there is substantial evidence to support the ALJ's decision, and it will not reweigh evidence or second-guess the ALJ in light of conflicting evidence that was part of the record before him.

### III.     Conclusion

For these reasons, the court **overrules** Plaintiff's objections to the magistrate judge's conclusion that remand is not warranted in this case. Accordingly, the court **accepts** the magistrate judge's conclusion that remand is not warranted and **affirms** the final decision of the Commissioner denying disability benefits.

**It is so ordered** this 14th day of April, 2010.

Sam A. Lindsay
United States District Judge